JEAN PIERRE BOISSY *v.* LOUISA LACOU, f. w. c.

Simulated assignment. The case presents a question of fact only.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
*J. C. David*, for appellants. *St. Paul & Bouney* for *Frois & Co. Bonford*, for *Letchford & Co.*

SPOFFORD, J. *Prosper Rideau* appeals from a judgment discharging a rule which he had taken upon *T. Frois & Co.* and *Wm. H. Letchford & Co.*, to show cause why he should not be paid in preference to them, out of the proceeds of the order of seizure and sale in this case.

*Boissy* was the holder at maturity of the note and mortgage upon which the order of seizure and sale issued. He prosecuted the seizure in his own name. It was not until after his creditors *Frois & Co.* and *Letchford & Co.* had attached his interest in the suit that *Rideau* presented himself in court as the real party plaintiff.

He appeared by the same attorney, who had represented *Boissy* in conducting the seizure and sale. He produced an assignment by private act from the original plaintiff to himself, purporting to have been executed a few days before the attachments were levied by *Boissy's* creditors. The record compels us to add that the only witness who offered to prove the date of the transfer and the

BOISSY
v.
LACOU.

fact of its notification to the defendant, *Lacou*, is the attorney at law who first brought the suit for *Boissy*, after his rights were attached took the rule for *Rideau*, and now files a brief in this court, referring us to his own testimoney as a basis upon which he claims a reversal of the judgment.

The attaching creditors contend that this assignment was a mere simulation concocted to shield the property of their debtor from pursuit. The document itself is clothed in a suspicious garb. "Je soussigné transfère à Mr. *Prosper Rideau* tous mes droits, titres et intérêts dans cette affaire pour la somme de six cents piastres, montant que je lui dois pour m'avoir passé le billet hypothécaire pour lequel j'ai obtenu un ordre de saisie et de vente dans cette affaire dans la dite cour." If any reliance is to be placed upon this instrument, *Rideau* sold to *Boissy* without security and on an indefinite credit, a note amply secured by mortgage and payable by a specified day; and, on the other hand *Boissy*, bound himself to pay *Rideau* six hundred dollars for a note of five hundred dollars which he never negotiated but kept till its maturity and then put in suit. These things are so contrary to the usual course of dealing among men that they are not credible without further explanation. The surrounding facts as well as the intrinsic appearance of this pretended assignment lead us to the conclusion that the District Judge did not err in refusing to recognize its verity.

It is therefore ordered and decreed that the judgment appealed from be affirmed with costs.